**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOANNA WALKER JACKSON, *et al.*, ) | CASE NO:  1:07-cv-01868 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| BRENDON FRIESEN, *et al.*, ) | |
| ) | |
| Defendant. ) | **ORDER** |

On November 17 2008, the Court held a hearing at which it addressed outstanding discovery disputes, as well as Plaintiffs' Motion to Reset the Date to Appear in Ohio for Depositions Scheduled on November 17, 2008 ( "Plaintiffs' Motion to Reset") (Doc. No. 49); Plaintiffs' Motion to Add Exhibit "A" to Motion to Reset (Doc. No. 51); Plaintiffs' Motion to Seal All Medical Documents, Letters, and Photos in Support of Plaintiffs' Motion to Reset (Doc. No. 50); and plaintiffs' failure to appear for the scheduled depositions. This hearing was necessitated by plaintiffs' continued failure to comply with the Court's Orders regarding discovery, and the parties' inability to schedule depositions.

On January 23, 2008, the Court entered its discovery Order in this case, in which it ordered, among other things,  plaintiffs to return medical releases and other initial disclosures to defendants by February 6, 2008; plaintiffs' expert report to be submitted

by April 21, 2008; and discovery to be completed by July 28, 2008. (Doc. No. 18).

On June 2, 2008, defendants filed a Motion for Extension of Time to File Expert Report due to plaintiffs' failure to comply with the Court's Order regarding the submission of medical releases and initial disclosures. (Doc. No. 21).

On June 5, 2008, the Court extended defendants' deadline to submit expert reports until August 8, 2008; ordered plaintiffs to submit immediately their initial disclosures; and scheduled a telephone conference for June 18, 2008 to discuss all other scheduled deadlines. (Doc. No. 22).

During the June 18, 2008 telephone conference, the Court was informed that despite its previous June 5, 2008 Order, defendants had not yet received plaintiffs' initial disclosures, certain medical records from Emory Clinic, and medical records in plaintiff Joanna Walker Jackson's possession. The Court ordered plaintiff Joanna Walker Jackson to send copies of all medical records in her possession to defendants by June 25, 2008, and to submit all initial disclosures to defendants by June 25, 2008. Plaintiff Joanna Walker Jackson requested an extension of time to submit her expert report, and the Court extended her deadline from April 21, 2008 (which had already passed) until July 16, 2008. (Doc. No. 24).

The Court held a follow-up telephone conference on June 25, 2008. At this conference, plaintiffs informed the Court that they had still not submitted their initial disclosures, and requested additional time to do so. The Court ordered plaintiffs to submit their initial disclosures by June 30, 2008, including the medical records in

plaintiffs' possession.[1]  The Court also ordered the parties to continue to discuss the scheduling of depositions.  (Doc. No. 25).

The Court held another follow-up telephone conference on July 7, 2008, during which it again ordered plaintiff Joanna Walker Jackson to mail the medical records in her possession to defendants by the close of business on July 7, 2008, and to submit her responses to defendants' interrogatories before embarking on her imminent trip to Alabama for medical treatment.  The Court further ordered the remaining plaintiffs to submit their responses to defendants' interrogatories by July 24, 2008; extended the discovery cut-off date to August 28, 2008; and ordered all depositions to be conducted by August 28, 2008.  The Court warned plaintiff Joanna Walker Jackson that failure to comply with its Order would result in sanctions.  (Doc. No. 31).  During these various conferences, the Court informed plaintiff Joanna Walker Jackson that she would either be required to travel to Cleveland for her deposition or pay the travel cost and travel time for one defense counsel to travel to Georgia to take her deposition.  The Court agreed with defense counsel that telephone depositions would be unwieldy, cumbersome and unworkable in this case, particularly given the existence of plaintiff's extensive medical history and documents, coupled with the difficulty in communication with plaintiffs that the Court itself was experiencing.

On August 22, 2008, defendants filed a Motion to Dismiss for Failure to Prosecute, or in the Alternative Motion for Extension of Time to Submit Expert Report

---

[1] The Court made clear that plaintiff was required to produce the medical records in her possession, *in addition to* any records that defendants may obtain from medical providers.

-3-

and Conduct Discovery ("Motion to Dismiss").  (Doc. No. 33).  As grounds for their motion, defendants cited plaintiffs' repeated failure to comply with the Court's discovery orders and failure to prosecute.  (Doc. No. 33).

On October 23, 2008, plaintiffs belatedly filed their Objections to Defendants' Motion to Dismiss.  (Doc. No. 43).  Nevertheless, the Court considered the objections. The Court determined, based on plaintiffs' response, that there remained outstanding discovery issues that needed to be addressed at an in-person hearing, and further that all depositions would have to be scheduled by the Court.  The Court therefore ordered the parties to appear for a hearing on November 17, 2008 at 9:30 a.m., and to conduct all depositions beginning at 10:00 a.m. on that day, and to continue until completed. The Court further ordered the parties to file and exchange, by October 31, 2008, the names of all persons they wished to depose.  (Doc. No. 44).

On November 14, 2008, plaintiffs filed the following motions: Plaintiffs' Motion to Reset (Doc. No. 49); plaintiffs' Motion to Add Exhibit "A" to Motion to Reset (Doc. No. 51); plaintiffs' Motion to Seal All Medical Documents, Letters, and Photos in Support of Plaintiffs' Motion to Reset (Doc. No. 50).

On November 17, 2008, counsel for defendants appeared for the hearing and depositions, but plaintiffs did not.[2]  The Court contacted plaintiffs by phone, and proceeded with the hearing.

Pursuant to Federal Rule of Civil Procedure 16(f), if a party fails to obey a scheduling or pretrial order the judge may make such orders with regard thereto as are

---

[2] Defendant Brendon Friesen had been excused from appearing.  (Doc. No.  48).

just, and among others, any of the orders provided for in Federal Rule of Civil Procedure 37(b)(2)(B), (C) or (D).[3]  The plaintiffs have repeatedly and willfully failed to comply with the Court's Orders in this case. By so doing, the plaintiffs have demonstrated utter disregard for the integrity of this Court, and the judicial process; have prejudiced the defendants' ability to defend this lawsuit; have unduly delayed these proceedings, and have failed to make any reasonable effort to prosecute this action.

During the November 17, 2008 hearing, the Court reviewed plaintiffs' Motions, and heard plaintiffs' arguments.  The Court found plaintiffs' arguments in support of their Motion to Reset unpersuasive, and remains skeptical of plaintiffs' reasons for not appearing at the November 17, 2008 hearing and depositions. The Court found the remaining two motions to be well taken.

At the hearing, plaintiffs informed the Court that they still had not submitted their answers to defendants interrogatories, despite being repeatedly ordered to do so. Further, plaintiff Joanna Walker Jackson informed the Court that she had medical records in her possession that she had not submitted to defendants, despite the Court's explicit Orders and warning that she would be sanctioned for failure to do so.  Plaintiff Joanna Walker Jackson further informed the Court that she had not filed an expert report.  Finally, plaintiff Joanna Walker Jackson informed the Court that she intended to depose the defendants, despite the fact that she failed to file or exchange the names of

---

[3]  The cited subsections of Fed. R. Civ. P. 37(b)(2) allow a judge to preclude a disobedient party from proffering evidence on a certain issue or claim, to render default judgment against the disobedient party or to stay the action, or to treat as contempt a party's failure to obey an order.

-5-

any persons she sought to depose, failed to arrange for a court reporter to be present on November 17, 2008, and indeed, failed to appear herself.[4]

The Court found that plaintiffs failed to comply with the Court's deadlines regarding the submission of expert reports, and the taking of depositions. The Court further found plaintiffs' continued failure to comply with its Orders, including but not limited to, its orders regarding the submission of medical records, and responses to interrogatories was deliberate and willful, unjustified, prejudicial to defendants, and prejudicial to the orderly administration of justice. Based upon the foregoing findings, the Court entered the following Orders orally and on the record at the hearing on November 17, 2008:

    1. Plaintiffs' Motion to Reset (Doc. No. 49) to December 8, 2008 is DENIED; plaintiffs Pamela Walker and Edward Jackson, must appear for deposition on November 19, 2008 at 9:00 a.m. in Courtroom 10B of the Carl B. Stokes United States Courthouse in Cleveland, Ohio. Pursuant to their agreement, failure to appear will result in that party's claim being dismissed with prejudice; plaintiff Christopher Walker Jackson must appear for deposition on December 4, 2008 at 9:00 a.m. in Courtroom 10B of the Carl B. Stokes United States Courthouse in Cleveland, Ohio.

---

[4]In fact, Plaintiffs' time for seeking discovery passed several month ago. Plaintiffs never requested depositions or discovery extensions prior to the expiration of discovery. The Court only granted extensions to the defendants to take the plaintiffs' depositions and to file an expert report after taking plaintiffs' deposition. Nevertheless, the Court gave plaintiffs one final opportunity to conduct depositions with appropriate notices, and plaintiffs totally disregarded those deadlines. Moreover, plaintiffs had ample opportunity to submit interrogatories to defendants, but did not do so. Plaintiffs have done virtually nothing to pursue this case.

Pursuant to his agreement, failure to appear for any reason will result in his claim being dismissed with prejudice;

2. Plaintiff Joanna Walker Jackson must appear for deposition on December 4, 2008 at 9:00 a.m. in Courtroom 10B of the Carl B. Stokes United States Courthouse in Cleveland, Ohio. Alternatively, plaintiff Joanna Walker Jackson may be deposed in Atlanta, Georgia provided that she deposit with the Court $1,000.00 by November 24, 2008 to reimburse defendants for their travel expenses to Atlanta, Georgia.[5] Pursuant to her agreement, failure to either deposit $1,000.00 by November 24, 2008, or to appear for deposition on December 4, 2008 for any reason will result in her claim being dismissed with prejudice;

3. Plaintiffs' Motion to Add Exhibit "A" to Motion to Reset (Doc. No. 52) is GRANTED;

4. Plaintiffs' Motion to Seal All Medical Documents, Letters and Photos in Support of Plaintiffs' Motion to Reset (Doc. No. 50) is GRANTED;

5. Plaintiffs' answers to defendants' interrogatories and production requests must be submitted by November 19, 2008 and hand delivered to defense counsel by Edward Jackson and Pamela Walker when they appeared for their depositions. Pursuant to the plaintiffs' agreement,

---

[5]If defense counsel travels to Georgia for the deposition, he must submit his travel expenses time itemization to the Court in order to obtain these funds. In the event that the expenses are less than $1,000.00, the balance will be refunded to plaintiffs. Defense counsel may not obtain more than $1,000.00 toward expenses.

-7-

failure of any plaintiff to submit his/her answers to defendants' interrogatories by this date will result in his/her claim being dismissed with prejudice:

    6. Plaintiffs are each sanctioned $50.00 for failing to submit their answers to defendants' interrogatories. Payment shall be submitted to the Court by November 24, 2008. Failure to make timely payment may result in a dismissal of the claims with prejudice;

    7. Because plaintiffs failed to comply with the Court's deadline, plaintiffs may not rely on, or introduce at trial, any medical records that were not in defendants' possession on November 17, 2008;

    8. Further, plaintiff Joanna Walker Jackson is sanctioned $100.00 for the willful and deliberate disregard of this Court's order directing her to submit to defendants the medical records in her possession on July 7, 2008. Payment shall be submitted to the Court by November 24, 2008. Failure to make timely payment may result in a dismissal of the claims with prejudice;

    9. Because plaintiffs failed to comply with the Court's deadline, never timely requested an extension of discovery and have needlessly delayed this case, the Court will not extend the time for plaintiffs to submit an expert report. The deadline has passed, and plaintiffs have not submitted an expert report to defense counsel. Further, as plaintiffs did not notice any depositions to be taken before the discovery deadline and did not comply with the Court's generous deadline for a final opportunity to

-8-

take depositions, the Court will not allow plaintiffs any further opportunity to take depositions.

Failure to comply with any of the orders set forth herein may result in the imposition of additional sanctions, including, but not limited to, a dismissal of claims with prejudice.

IT IS SO ORDERED.

s/ *Nancy A. Vecchiarelli*<br>United States Magistrate Judge

Date: November 21, 2008